**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                          Case No. 15-10305

RANDY HAMPTON,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Upon consideration of Plaintiff Malibu Media, LLC's ("Malibu") Motion for Default Judgment, its memorandum in support of that motion and the related exhibits, and the entire record herein, IT IS ORDERED:

FIRST, that Malibu's Motion for Default Judgment is GRANTED.

SECOND, that judgment is entered in favor of Malibu and against Defendant.

THIRD, that Malibu is awarded statutory damages in the amount of $37,500. Despite Malibu's argument to the contrary, the court declines to find a willful violation based on Malibu's amended complaint and Hampton's default. Malibu's only allegation in its complaint concerning willful infringement by Hampton is that "Defendant's infringements were committed 'willfully' within the meaning of 17 U.S.C. § 504(c)(2)." (Pg. ID# 6.) This is merely a legal conclusion stated as a factual allegation and it is doubtful whether it would have survived a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court finds the damages provided in 17 U.S.C. § 504(c)(1) to be sufficient and awards $750 in statutory damages for each of Malibu's fifty claims

against Hampton.  Malibu's request for post-judgment interest is denied as it did not request such interest in its complaint.

FOURTH, that Malibu is awarded attorney's fees and costs in the amount requested, $1,650.86.  The court finds Malibu's request, as laid out in Mr. Nicoletti's declaration, to be reasonable. (Dkt. # 13-4, Pg. ID 126.)

FIFTH, that as of the date of this Order, a permanent injunction is hereby issued against Hampton enjoining him from directly, contributorily, or indirectly infringing Malibu's rights under federal or state law of Malibu's copyrighted works, including, but without limitation, by using the internet, BitTorrent, or any other online media distribution to reproduce or distribute the works, or by making the works available to the public, except pursuant to a lawful license, or with Malibu's express consent.  Hampton is further ordered to destroy all unauthorized copies of Malibu's works on any computer hard drive, server, or any other medium or device in Hampton's possession, custody, or control.

FINALLY, the court declines to exercise continuing jurisdiction over this matter.

   s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 8, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 8, 2015, by electronic and/or ordinary mail.

   s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\SMQ\Civil\15-10305.MALIBU.MotionforDefault.smq.wpd